UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT FRANCIS ICEBERG, | CASE NO. C25-2342JLR |
| Plaintiff, | ORDER |
| v. | |
| THE KROGER CO., | |
| Defendant. | |

Before the court is Plaintiff Scott Francis Iceberg's motion to remand this matter to King County Superior Court. (Mot. to Remand (Dkt. # 10); Reply (Dkt. # 19).) For the reasons set forth below, the court GRANTS Defendant The Kroger Co. ("Kroger") leave to respond to the arguments Mr. Iceberg raises in his reply.

Mr. Iceberg filed this lawsuit in King County Superior Court on November 17, 2025. (Compl. (Dkt. # 1-1).) He alleges on behalf of himself alone that Kroger falsely represents that its Simple Truth Brand Fruit and Grain Bars (the "Bars") contain no preservatives, and raises state-law claims for violation of the Washington Consumer

ORDER - 1

Protection Act, breach of express warranty, and unjust enrichment.  (*Id.* ¶¶ 1-2, 25-49.) He seeks, in relevant part, an injunction "requiring [Kroger] to change its business practices to prevent or mitigate the risk of the consumer deception and violations of law" alleged in the complaint, including by "add[ing] appropriate warning labels or engag[ing] in an affirmative advertising campaign to dispel the public misperception" that the Bars contain no preservatives.  (*Id.* at 12.)  He also seeks monetary damages, punitive or statutory damages, and attorneys' fees and costs.  (*Id.* at 13.)  On November 21, 2025, Kroger removed the action, asserting that this court has diversity subject matter jurisdiction because Mr. Iceberg is a resident and citizen of Washington, Kroger is a citizen of Ohio, and the costs of complying with Mr. Iceberg's proposed injunction will exceed $75,000.  (*See generally* Not. of Removal (Dkt. # 1)); 28 U.S.C. § 1332(a).

On November 24, 2025, Mr. Iceberg moved to remand this matter for lack of jurisdiction.  (Mot. to Remand.)  He argues that Kroger cannot show that the amount in controversy exceeds the $75,000 jurisdictional minimum required for diversity jurisdiction.  (*See generally id.*)  In response, Kroger asserts that the value of the "sweeping injunctive relief" Mr. Iceberg seeks is greater than $75,000.  (Resp. at 1, 5-6 (citing Studer Decl. (Dkt. # 15-1) ¶¶ 5-6).)  Kroger also moved to dismiss this action for failure to state a claim.  (Mot. to Dismiss (Dkt. # 16).)

After Kroger filed its motion to dismiss, Mr. Iceberg filed an amended complaint. (Am. Compl. (Dkt. # 17)); *see* Fed. R. Civ. P. 15(a) (allowing a party to amend its pleading once as a matter of course within 21 days after service of a motion to dismiss under Rule 12(b)). In relevant part, Mr. Iceberg no longer requests injunctive relief.  (*See*

1 | Am. Compl. at 12.)  Instead, he now seeks only declaratory relief and damages (*see id.*),
2 | and cites *Royal Canin U.S.A., Inc. v. Wullschleger*, 602 U.S. 22 (2025), for the
3 | proposition that remand is required because Kroger can no longer demonstrate that the
4 | amount in controversy exceeds $75,000 (*see generally* Reply).

5 | Because Mr. Iceberg's reply is based on his newly-filed amended complaint and
6 | raises new jurisdictional issues that were not addressed in the motion to remand or in
7 | Kroger's response, the court GRANTS Kroger leave to file a supplemental brief limited
8 | to addressing the issues Mr. Iceberg raises in his reply.  Kroger shall file its brief, if any,
9 | by no later than **January 7, 2026**.  The Clerk is DIRECTED to renote Mr. Iceberg's
10 | motion to remand (Dkt. # 10) for January 7, 2026.

11 | Dated this 23rd day of December, 2025.

JAMES L. ROBART
United States District Judge