UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT FRANCIS ICEBERG,<br><br>              Plaintiff,<br><br>   v.<br><br>THE KROGER CO.,<br><br>              Defendant. | CASE NO. C25-2342JLR<br><br>ORDER |

### I.    INTRODUCTION

Before the court is Plaintiff Scott Francis Iceberg's motion to remand this matter to King County Superior Court. (MTR (Dkt. # 10); Reply (Dkt. # 19).) Defendant The Kroger Co. ("Kroger") opposes Mr. Iceberg's motion. (Resp. (Dkt. # 15).) The court also granted Kroger leave to respond to new jurisdictional arguments Mr. Iceberg raised in his reply. (Supp. Br. (Dkt. # 25); *see* 12/23/25 Order (Dkt. # 20).) The court has reviewed

ORDER - 1

the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised,[1] the court DENIES Mr. Iceberg's motion to remand.

## II.   BACKGROUND

Mr. Iceberg filed this lawsuit in King County Superior Court on November 17, 2025. (Compl. (Dkt. # 1-1).) He alleges, on behalf of himself alone, that Kroger falsely represents that its Simple Truth Brand Fruit and Grain Bars (the "Bars") contain no preservatives, and raises state-law claims for violation of the Washington Consumer Protection Act, breach of express warranty, and unjust enrichment. (*Id.* ¶¶ 1-2, 25-49.) In his original complaint, Mr. Iceberg sought, in relevant part, an injunction "requiring [Kroger] to change its business practices to prevent or mitigate the risk of [] consumer deception and violations of law[,]" including by "add[ing] appropriate warning labels or engag[ing] in an affirmative advertising campaign to dispel the public misperception" that the Bars contain no preservatives. (*Id.* at 12.) He also sought monetary damages, punitive or statutory damages, and attorneys' fees and costs. (*Id.* at 13.) On November 21, 2025, Kroger removed the action, asserting that this court has diversity subject matter jurisdiction because Mr. Iceberg is a resident and citizen of Washington, Kroger is a citizen of Ohio, and the costs of complying with Mr. Iceberg's proposed injunction would exceed $75,000. (*See generally* Not. of Removal (Dkt. # 1)); 28 U.S.C. § 1332(a).

On November 24, 2025, Mr. Iceberg moved to remand this action because Kroger cannot show that the amount in controversy exceeds the $75,000 jurisdictional minimum

---

[1] Kroger requests oral argument. Mr. Iceberg does not. The court concludes that oral argument would not assist it in resolving this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

required for diversity jurisdiction. (*See generally* MTR.) In its response, Kroger asserted that the court must deny the motion because the value of the "sweeping injunctive relief" Mr. Iceberg sought is greater than $75,000. (Resp. at 1, 5-6 (citing Studer Decl. (Dkt. # 15-1) ¶¶ 5-6).)

After Kroger filed its motion to dismiss, Mr. Iceberg amended his complaint. (Am. Compl. (Dkt. # 17)); *see* Fed. R. Civ. P. 15(a) (allowing a party to amend its pleading once as a matter of course within 21 days after service of a motion to dismiss under Rule 12(b)). In relevant part, Mr. Iceberg no longer requests injunctive relief, attorneys' fees, or costs. (*See* Am. Compl. at 12.) Instead, he now seeks only declaratory relief and damages. (*See id.*) In his reply in support of his motion to remand, he argues that remand is required because Kroger can no longer demonstrate that the amount in controversy exceeds $75,000 absent his request for injunctive relief. (*See generally* Reply (citing *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025)).).

Because Mr. Iceberg's reply is based on his newly-filed amended complaint and raises new jurisdictional issues that were not addressed in his motion to remand or in Kroger's response, the court granted Kroger leave to file a supplemental brief to address those issues. (12/23/25 Order.) Mr. Iceberg's motion to remand is now fully briefed and ready for decision.

### III.   ANALYSIS

Federal courts strictly construe the removal statute and must reject jurisdiction if there is any doubt as to the right of removal in the first instance. *See Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014); *Gaus v. Miles, Inc.*, 980

F.2d 564, 566 (9th Cir. 1992).  The removing defendant faces a "strong presumption" against removal and bears the burden of establishing, by a preponderance of the evidence, that removal was proper.  *Gaus*, 980 F.2d at 566-67.

Mr. Iceberg argues that the court must remand this action because Kroger can no longer satisfy the $75,000 amount-in-controversy requirement for diversity jurisdiction.  (*See generally* Reply.)  He does not attack Kroger's estimate of the costs it would incur to comply with the injunction he sought in his original complaint.  (*See generally id.*)  Instead, he asserts that under the "uniform rule" set forth in *Royal Canin U.S.A. v. Wullschleger*, his amendment to remove his request for injunctive relief eliminated the "sole potential basis" for the court to exercise subject matter jurisdiction over this matter.  (*See generally id.*)

As Kroger points out, however, Mr. Iceberg misreads *Royal Canin*.  (*See generally* Supp. Br.)  In that case, the Supreme Court held that when a plaintiff amends their complaint to remove the federal claims that enabled the defendant to remove the matter on the basis of federal question jurisdiction, the federal court loses its supplemental jurisdiction over the remaining state-law claims and must remand the matter to state court.  *Royal Canin*, 604 U.S. at 25-26.  The Court further observed that an amendment to join a non-diverse party after removal destroys diversity jurisdiction and, as a result, also requires remand.  *Id.* at 38.  The Court made clear, however, that a post-removal amendment that only reduces the alleged amount in controversy to below $75,000 "will usually not destroy diversity jurisdiction." *Id.* at 38 n.8 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 292 (1938)).

1  Here, Kroger removed this matter on the basis of diversity jurisdiction based on
2  both the citizenship of the parties and the original complaint's request for costly
3  injunctive relief.  (*See* Not. of Removal.)  Mr. Iceberg's amendments affected only the
4  amount in controversy; he did not join any non-diverse parties.  (*Compare* Compl. at
5  12-13; *with* Am. Compl. at 12.)  As a result, Mr. Iceberg's amendments did not destroy
6  this court's diversity jurisdiction over this matter.  *Royal Canin*, 604 U.S. at 38 n.8.
7  Therefore, the court denies Mr. Iceberg's motion to remand.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Mr. Iceberg's motion to remand (Dkt. # 10).

Dated this 8th day of January, 2026.

JAMES L. ROBART
United States District Judge