UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT FRANCIS ICEBERG, | CASE NO. C25-2342JLR |
| Plaintiff, | ORDER |
| v. | |
| THE KROGER CO., | |
| Defendant. | |

## I.   INTRODUCTION

Before the court is Defendant The Kroger Co.'s ("Kroger") motion to dismiss *pro se* Plaintiff Scott Francis Iceberg's amended complaint.  (MTD (Dkt. # 21); Reply (Dkt. # 28); *see* Am. Compl. (Dkt. # 17).)  Mr. Iceberg opposes the motion.  (Resp. (Dkt. # 27).)  The court has reviewed the parties' submissions, the relevant portions of the

//

//

//

ORDER - 1

record, and the governing law.  Being fully advised,[1] the court DENIES Kroger's motion to dismiss.

## II.    BACKGROUND

Mr. Iceberg alleges that he purchased Kroger's Simple Truth Brand Fruit and Grain Bars (the "Bars") "on numerous occasions" over the years, most recently on October 20, 2025, when he purchased the Bars at a QFC store in Bothell, Washington. (Am. Compl. ¶ 7.)  He states that when he purchased the Bars, he relied on Kroger's representation on the label of the Bars that the Bars contained "No Preservatives."  (*Id.* ¶¶ 7, 9; *see id.*, Ex. A (image of the front label art for the strawberry variety of the Bars); Harper Decl. (Dkt. # 22) ¶ 7, Ex. F (images of the front and back label art for the strawberry and blueberry varieties of the Bars).[2])  The Bars Mr. Iceberg purchased, however, contained citric acid, which he alleges is a chemical preservative.  (Am. Compl. ¶¶ 7, 9; *see also id.* ¶¶ 10-19 (allegations regarding the use of citric acid as a preservative).)  Mr. Iceberg asserts that he would not have purchased the Bars had he known that the "No Preservatives" representation was false and misleading.  (*Id.* ¶ 1.)  He alleges that he lost money as a result of Kroger's deceptive conduct.  (*Id.* ¶ 24.)

Mr. Iceberg filed this lawsuit in King County Superior Court on November 17, 2025.  (Compl. (Dkt. # 1-1) at 1.)  He raises state-law claims for violation of the

---

[1] Kroger requests oral argument.  Mr. Iceberg does not.  The court concludes that oral argument would not assist it in resolving this motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Mr. Iceberg does not oppose Kroger's request that the court consider documents that are incorporated into the amended complaint by reference or that are subject to judicial notice.  (*See* Request (Dkt. # 23); *see generally* Resp.)

ORDER - 2

Washington Consumer Protection Act, ch. 19.86 RCW ("CPA"); breach of express warranty; and unjust enrichment. (*See* Am. Compl. ¶¶ 25-49.) In his original complaint, he sought an injunction requiring Kroger to "change its business practices to prevent or mitigate the risk of the consumer deception and violations of law[.]" (Compl. at 12.)

On November 21, 2025, Kroger removed the action, asserting that this court has diversity jurisdiction because Kroger and Mr. Iceberg are citizens of different states and the cost of complying with Mr. Iceberg's proposed injunction would exceed $75,000. (*See generally* Not. of Removal (Dkt. # 1).) On November 24, 2025, Mr. Iceberg moved for remand on the ground that Kroger could not show that the amount in controversy exceeds the $75,000 jurisdictional minimum. (*See generally* MTR (Dkt. # 10).)

Kroger moved to dismiss Mr. Iceberg's original complaint on December 15, 2025. (1st MTD (Dkt. # 16).) Shortly thereafter, Mr. Iceberg filed the operative amended complaint, which omits his request for an injunction. (*See generally* Am. Compl.) Kroger moved to dismiss the amended complaint on December 29, 2025. (MTD.) The court denied Mr. Iceberg's motion to remand on January 8, 2026. (1/8/26 Order (Dkt. # 8).) Kroger's second motion to dismiss is now fully briefed and ripe for decision.

### III.    ANALYSIS

Below, the court sets forth the legal standard for motions to dismiss for failure to state a claim and then considers Kroger's motion.

**A.    Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6); *see*

ORDER - 3

*also* Fed R. Civ. P. 8(a)(2) (requiring the plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief").  Under this standard, the court construes the allegations in the complaint in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks whether the claim contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  The court "is to take all well-pleaded factual allegations as true and to draw all reasonable inferences therefrom in favor of the plaintiff."  *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 663 (9th Cir. 1998) (citation omitted).  The court may also consider judicially noticeable material and documents incorporated by reference into the complaint.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

Because Mr. Iceberg is proceeding *pro se*, the court must construe the allegations in his complaint liberally.  *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).  Nevertheless, Mr. Iceberg must follow the same rules of procedure that govern other litigants.  *See Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).

**B.    Motion to Dismiss**

Kroger asserts that the court must dismiss all of Mr. Iceberg's claims for failure to state a claim.  As set forth below, the court denies Kroger's motion to dismiss.

1.   CPA Claim

To state a claim for violation of the CPA, Mr. Iceberg must plausibly allege "(1) [an] unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Klem v. Wash. Mut. Bank*, 295 P.3d 1179, 1185 (Wash. 2013) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 538-39 (Wash. 1986)).  To allege causation under the CPA, he must plead that "but for [Kroger's] unfair or deceptive practice, [he] would not have suffered [the] injury." *Indoor Billboard/Wash., Inc. v. Integra Telecom. of Wash., Inc.*, 170 P.3d 10, 22 (Wash. 2007).  Because CPA claims are "grounded in fraud[,]" Mr. Iceberg's allegations must also satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements. *Woodell v. Expedia Inc.*, No. C19-0051JLR, 2019 WL 3287896, at *10 (W.D. Wash. July 22, 2019).  That is, they must "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)) (cleaned up).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (quoting *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

Here, Mr. Iceberg alleges that (1) Kroger engaged in deceptive conduct in trade or commerce by marketing its Bars as having "No Preservatives" when in fact they contain the preservative citric acid; (2) Kroger's conduct affects the public interest because the

ORDER - 5

misleading labels have the capacity to deceive consumers about the quality of the Bars; and (3) he lost money because he would not have purchased or overpaid for the Bars had he known that the Bars contain citric acid. (*See* Am. Compl. ¶¶ 25-37.) These allegations are sufficient to state a *prima facie* claim for violation of the CPA. *See Klem*, 295 P.3d at 1185 (setting forth the elements of a CPA claim). Furthermore, the allegations satisfy Rule 9(b) because they include the who (Kroger), what (allegedly deceptive labeling on the Bars), when (October 2025), where (Bothell, Washington), and how (by misrepresenting that the Bars contain "No Preservatives" even though they contain citric acid). (*See generally* Am. Compl.); *see Fernandez v. Atkins Nutritionals, Inc.*, No. 3:17-CV-01628-GPC-WVG, 2018 WL 280028, at *12 (S.D. Cal. Jan. 3, 2018) (concluding under California consumer protection law[3] that "so long as a plaintiff identifies the label claim at issue, where the statement was made, why it was fraudulent, and how it affected the plaintiff, [the] purposes [of Rule 9(b)] are served").

The court is not convinced by Kroger's arguments in favor of dismissal. Kroger's primary argument is that Mr. Iceberg cannot plausibly plead the injury and causation elements of his claims because he "manufactured [the claims] solely for litigation purposes." (MTD at 1; *see id.* at 3-4 (discussing other lawsuits involving Kroger and other lawsuits filed by Mr. Iceberg); *id.* at 10-11; *see also* Reply at 1 (asserting Mr. Iceberg cannot plead injury and causation because he "based this lawsuit on reviewing litigation dockets rather than a purchase in reliance on the label for [the Bars]").) By so

---

[3] As Kroger points out, courts construe Washington and California consumer protection laws similarly. (*See* MTD at 9 n.6 (compiling cases).)

ORDER - 6

arguing, however, Kroger asks the court to judge the credibility of Mr. Iceberg's allegations, which is inappropriate when evaluating a motion to dismiss.

Kroger also complains that Mr. Iceberg failed to satisfy Rule 9(b) by, for example, failing to specify which variety of Bars he purchased.  (MTD at 8.)  Mr. Iceberg, however, provides an example of the labeling on the strawberry Bars that he alleges is deceptive (*see* Am. Compl. Ex. A), and Kroger's own exhibits demonstrate that the same "No Preservatives" language appears on the packaging for multiple varieties of Bars (*see* Harper Decl. ¶ 7, Ex. F).  Kroger also asserts that Mr. Iceberg's claim fails because he does not sufficiently allege how citric acid functions in the Bars.  (MTD at 12.)  Mr. Iceberg's allegations regarding citric acid's use as a preservative, however, are sufficient to allow the court to reasonably infer that citric acid is also used as a preservative in the Bars.  *See, e.g.*, *Squeo v. Campbell Soup Co.*, No. 24-CV-02235-SVK, 2024 WL 4557680, at *6 (N.D. Cal. Oct. 22, 2024) (drawing the same conclusion based on similar allegations and compiling cases).  Thus, the court concludes that Mr. Iceberg's amended complaint is sufficient to place Kroger on notice of the alleged misconduct that gives rise to his CPA claim.

The court has reviewed Kroger's remaining arguments and finds them similarly unpersuasive.  Therefore, the court denies Kroger's motion to dismiss Mr. Iceberg's CPA claim.

### 2.    Breach of Express Warranty

To state a breach of express warranty claim, Mr. Iceberg must allege (1) the warranty was part of the basis of the bargain—that is, that he justifiably relied on a

ORDER - 7

statement in the warranty; (2) the warranty relates to a material fact; and (3) the warranty turns out to be untrue.  *See* RCW 7.72.030(2)(b); *Arrow Transp. Co. v. A. O. Smith Co.*, 454 P.2d 387, 390 (Wash. 1969).  Kroger asserts that this claim, too, must be dismissed because Mr. Iceberg cannot show injury or causation.  (*See* MTD at 7-12.)  The court rejects this argument for the same reasons it rejected Kroger's motion to dismiss Mr. Iceberg's CPA claim for failure to show injury or causation.

        3.      Unjust Enrichment

Unjust enrichment allows "recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it." *Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008) (citation omitted).  However, "as a quasi-contractual remedy, unjust enrichment does not apply where there is a valid express contract between the same parties covering the same subject matter." *Taie v. Ten Bridges LLC*, 568 F. Supp. 3d 1126, 1133 (W.D. Wash. 2021) (cleaned up and citing *Chandler v. Wash. Toll Bridge Auth.*, 137 P.2d 97, 101 (Wash. 1943)).  To state a claim for unjust enrichment, Mr. Iceberg must plausibly allege that (1) Kroger received a benefit, (2) the received benefit was at Mr. Iceberg's expense, and (3) the circumstances make it unjust for Kroger to retain the benefit without payment.  *Id*.  Relevant to Kroger's motion, Mr. Iceberg must plausibly allege "a causal link between the alleged wrong and [his] harm" to succeed on his claim.  *White v. Symetra Assigned Benefits Serv. Co.*, 104 F.4th 1182, 1193 (9th Cir. 2024) (discussing Washington law).

Kroger urges the court to dismiss Mr. Iceberg's unjust enrichment claim because (1) Mr. Iceberg cannot show injury or causation, (2) Mr. Iceberg has an adequate remedy

ORDER - 8

at law through his CPA and breach of express warranty claims, and (3) Mr. Iceberg cannot bring an unjust enrichment claim where he "alleges a contractual relationship with Kroger in the form of an express warranty." (MTD at 7-12, 17-18.)  The court disagrees.  As discussed above, Mr. Iceberg has plausibly alleged that he lost money as a result of Kroger's conduct.  And with respect to Kroger's second and third arguments, Mr. Iceberg may plead in the alternative at this stage of the proceedings.  *See* Fed. R. Civ. P. 8(d) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically[.]").

Kroger's cited cases do not stand for the proposition that dismissal under Rule 12(b)(6) is required when a plaintiff pleads claims for money damages and/or for breach of express warranty.  *See, e.g.*, *Seattle Prof'l Eng'g Emps. Ass'n v. Boeing Co.*, 991 P.2d 1126, 1129 (Wash. 2000) (affirming trial court's summary judgment order); *Kelley v. Microsoft Corp.*, 251 F.R.D. 544, 551, 560 (W.D. Wash. 2008) (discussing unjust enrichment in the context of a choice-of-law analysis and granting class certification for both CPA and unjust enrichment claims); *Sorenson v. Pyeatt*, 146 P.3d 1172, 1173, 1175 (Wash. 2006) (reversing trial court's judgment imposing an equitable lien).  Furthermore, Kroger's reliance on *Nauman v. General Motors LLC* is misplaced because in that case the parties agreed that there was a valid express warranty.  No. C21-5150BHS, 2021 WL 4502666, at *6 (W.D. Wash. Oct. 1, 2021).  Here, there is no sign that Kroger agrees that the "No Preservatives" statement on its Bars was an express warranty.  (*See generally* MTD; Reply.)  Therefore, at this early stage, the court denies Kroger's motion to dismiss Mr. Iceberg's unjust enrichment claim .

ORDER - 9

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Kroger's motion to dismiss (Dkt. # 21).

Dated this 27th day of February, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 10